UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROPERTY OF THE PEOPLE, INC., <br> 1712 Eye St., NW, Suite 915 <br> Washington, DC 20006, <br><br> and <br><br> RYAN NOAH SHAPIRO <br> 707 Pelton Ave. #314 <br> Santa Cruz, CA 95060, <br><br> vs. <br><br> DEPARTMENT OF HOMELAND SECURITY <br> 245 Murray Lane, S.W., <br> Washington, DC 20528, <br><br> DEPARTMENT OF DEFENSE <br> 1000 Defense Pentagon <br> Washington, DC 20301, <br><br> DEFENDANTS | Civil Action No. _____ |

## **COMPLAINT**

### THE PARTIES

1.      Property of the People, Inc. is a 501(c)(3) charitable organization dedicated to governmental transparency in the service of democracy. Property of the People's Operation 45 is dedicated to ensuring transparency and accountability for the Administration of Donald J. Trump, the 45th President of the United States.

2.      Plaintiff Ryan Noah Shapiro is a founder of Property of the People and a Ph.D. candidate in the Department of Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology, as well as a former Research Affiliate at the Berkman Klein Center for

Internet & Society at Harvard University. Plaintiff Ryan Noah Shapiro is a historian of national security, the policing of dissent, and governmental transparency.

3. Department of Homeland Security (DHS) and Department of Defense (DOD) are agencies of the US government.

4. United States Secret Service (USSS) and U.S. Coast Guard (Coast Guard) are components of Defendant DHS.

5. Coast Guard, USSS, and DOD have possession, custody and control of the records Plaintiffs seek.

## JURISDICTION AND VENUE

6. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

7. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

8. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### Background

9. The Presidential Protection Assistance Act allows a Secret Service protectee to designate one non-governmental property to be fully secured by the Secret Service on a permanent basis. The Secret Service can spend no more than $200,000 cumulatively on securing any additional properties without Congress' explicit approval.

10. The Presidential Protection Assistance Act of 1976 requires semi-annual reports of expenditures made pursuant to Section 9 of the Act to be submitted to the Committees on Appropriations, Committees on the Judiciary, and Committees on Government

Operations of the House of Representatives and the Senate.

Plaintiffs' FOIA Requests

Coast Guard

11. On January 17, 2018, Plaintiffs submitted to the Coast Guard via email a FOIA request for records reflecting the total Coast Guard Presidential Security expenditures in Fiscal Year 2017 and for the first quarter of Fiscal Year 2018, per trip and location, and then further broken down by other metrics such as personnel, travel, and equipment costs.

12. On January 17, 2018, the Coast Guard acknowledged receipt of Plaintiffs' request and assigned it tracking number 2018-CGFO-00754.

13. More than 20 business days have elapsed since Plaintiffs submitted their FOIA request to the Coast Guard, but as of the filing of this Complaint, Plaintiffs have not received a response from the Coast Guard with a final determination as to whether the Coast Guard will produce the requested records.

Secret Service

14. On October 20, 2017 Plaintiffs submitted to the USSS via fax a FOIA request for semi-annual reports from the Director of the USSS made pursuant to Section 9 of the Presidential Protection Assistance Act; policy documents on the Presidential Protection Assistance Act; and correspondence to and from the USSS about the USSS's ability to comply with the Presidential Protection Assistance Act.

15. On October 25, 2017, the USSS acknowledged receipt of Plaintiffs' request and assigned it tracking number 20180116-20180119.

16. More than 20 business days have elapsed since Plaintiffs submitted their FOIA request to the USSS, but as of the filing of this Complaint, Plaintiffs have not received a

response from the USSS with a final determination as to whether the USSS will produce the requested records.

Department of Defense

17. On October 20, 2017 Plaintiffs submitted to the DOD via fax a FOIA request for semi-annual reports from the Secretary of Defense made pursuant to Section 9 of the Presidential Protection Assistance Act.

18. On October 27, 2017, the DOD acknowledged receipt of Plaintiffs' request and assigned it tracking number 18-F-0116.

19. More than 20 business days have elapsed since Plaintiffs submitted their FOIA request to the DOD, but as of the filing of this Complaint, Plaintiffs have not received a response from the DOD with a final determination as to whether the DOD will produce the requested records.

## COUNT I:
## VIOLATION OF FOIA

20. This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

21. Coast Guard, USSS, and DOD have improperly withheld responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Declare Defendants' failure to comply with FOIA to be unlawful;

(2) Order Defendants to grant Plaintiffs' requests for fee waivers and to grant Plaintiffs' fee status as members of the media and/or educational requesters.

(3) Order Defendants to immediately process Plaintiffs' FOIA request;

(4) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiffs such other and further relief which the Court deems proper.

        Respectfully Submitted,

        __/s/ Jeffrey Light_____
        Jeffrey L. Light
        D.C. Bar #485360
        1712 Eye St., NW
        Suite 915
        Washington, DC 20006
        (202)277-6213
        Jeffrey@LawOfficeOfJeffreyLight.com

        *Counsel for Plaintiffs*